Counselor, you may begin. Good morning, Your Honors. This case really presents a persistent problem that occurs in this district court, and that is there's absolutely no record whatsoever of this 355-3A factors. And in this case, Mr. Waknine, in the middle of his trial, made a deal with the government to get a 108-month sentence. And when it came time for sentencing, the government did little, if anything, to try to enforce that agreement. And the record is devoid of the judge providing any analysis whatsoever. Which one of the two arguments do you want to start with? Well, they're equally compelling. I mean, this is just a case that it's not even really a close call. I mean, the record is – I understand you feel that way or you wouldn't be arguing the case. But let's take first – the district judge did not have the benefit of Gall. So now we have to go back and impose a case upon the district judge that he was not aware of when he made his sentencing procedure. The first requirement of Gall is that he consult the guidelines. You don't have any question at all that the record shows he did consult the guidelines, do you? It doesn't show that he did, no. Oh, it does show that he did. I mean, he consulted very cursorily. Gall doesn't say how much. It says that you have to show that you've consulted the guidelines and it's a proper allocation. There's no question you've raised that he was incorrect on the guidelines he set. And he said what he did. He put him in the mid, as he says, in the middle of the guideline. Now, how is that a violation of Gall? Well, he didn't go through any meaningful analysis. It's hard to imagine being in this – in Judge Rehl's court, but it's an interesting – Just to stay with Gall's first requirement, that he calculated the guideline range. Do you contend he did not calculate the guideline range? No, he did contend that he did calculate the guideline range. So your argument is the 3553A, that he didn't properly outline on the record his determination of that. There was no discussion whatsoever. And this Court has reversed Judge Rehl repeatedly for doing things like this. Well, we don't have what Judge Rehl has done before. We have one case in front of us. It depends on your defendant. And regardless of what Judge Rehl has or has not done, we have to decide the case on this record. Now, in the pre-sentence report, there was recommendations made by the pre-sentence department as to what alternatives should be determined by the 3553A. Every one of them was adverse to your client. Now, we haven't met this question yet, and Gall certainly doesn't take care of it. But suppose the 3553 consideration is such the record shows that it would all be at the disadvantage of the defendant. Should we not impose a prejudice requirement to show that the defendant in some way was prejudiced before we send it back? Well, I wouldn't impose a prejudice requirement because the 3553A factors need to be evaluated by the district court judge when they're making their sentence. It's not something that it shouldn't be a higher burden for the defendant to meet. If the judge didn't comply with the factors, we requested that this case be sent to a different judge. That was our secondary argument in our brief so we can have a full hearing. And I expect my colleague, Mr. McLaughlin, to vigorously argue for the 108 months that they recommended. But just start with my argument, please. So the way you see this, there is prejudice. But if, in fact, the only thing the pre-sentence report shows is that your client would be disadvantaged if the district judge determined those items, why wouldn't we just say that there's no harm, no foul? Well, because I don't think... If there's anything to show that you would have gotten a benefit from it, I can see. Is Gaul a determination that the judge has to go through this regardless whether or not it's going to benefit your client or not? And that's the issue Gaul has opened, and I'd like to have your view of that. I think Gaul requires the district court judge to go through the factors because during that process, theoretically, that would invite then the government or the defense, in this case the government claims we had a united front, would point out to the court why the 108-month sentence is reasonable and just under the circumstances. I don't think we can predict that if the judge actually evaluated the 355-3A factors in a real sentencing hearing that was meaningful, that it necessarily would prejudice the defendant. That's something that we'd be speculating. I think that we would want to encourage the district courts to follow the mandate of Gaul and actually go through the process, and hopefully in that process, then you would have a sentence that was broad, not what we had here. What we had here sort of makes a mockery of a sentencing hearing. There was really no advocation on either side, and Mr. Wachnine was prejudiced as a result. I didn't get your point. Counsel, if Judge Wallace's question is concluded, could you please address the Rule 32 issue? Because my understanding was that Judge Roehl sentenced without having the government argue first. He didn't listen to the government before he gave his sentence. The government argued. You're correct, Your Honor. The government tried to argue after the sentence to try to somehow save the sentence, and the government asked the court to clarify. It's very difficult to practice law in that court. I mean, if you've ever set ‑‑ Let's just keep it with the record, can we? Excuse me. If we determined there was a Gaul or a Rule 32 error, do we need to reach the question of whether the government breached the plea agreement? No, I don't think you do. I think it should be remanded to a different court, and so with a different court to sentence him. I don't think ‑‑ I think if you find there's a Rule 32 error, you can remand on those grounds alone. I don't ‑‑ The Rule 32 error is that the government should be able to speak. Now, the government is the one that's prejudiced if they can't speak. I mean, they're given that right, but the governors never appeal this. Why is there any 32 error before us if the government doesn't ask for it? It's their benefit, not yours. Well, I know, but in this case, we were relying on the government to argue for the 108 months, so if the government was deprived of its opportunity to enforce the terms of the plea agreement, then the defendant is prejudiced. Well, but he did not get the opportunity to speak, so what you're saying is that we have to go back and decide what he would say in order to show prejudice? Because the government's not complaining about not speaking. Well, the government isn't complaining because they just want to uphold the sentence because it's more convenient in this case. The government didn't appeal because they didn't feel they were prejudiced by the government by what the district court judge did. Now, we tried to come back and tell the district judge that there's this 108 afterwards, but you indicate that doesn't solve the problem of Rule 32. No, because he was already sentenced by the time the government decided to enforce the terms of the plea agreement. But in this case, the defendant needed the benefit of the government being allowed to speak at the sentencing hearing before he was sentenced, but the court just sentenced him without even any input from the government. And in this case, the defendant would have liked to have the government participate and argue the terms of the plea agreement. This case was settled in the middle of a trial. I wasn't the trial counsel, but I participated in resolving the case. And this is one of those cases where the defendant really did need the government to address the court on why 108 months was reasonable. It was right in the middle of the trial, and he is prejudiced by the government not addressing that. I have one minute and 40 seconds, so I just wanted to save that time to respond to that. I wasn't conscious of the court's. Your Honor, Patrick McLaughlin appearing on behalf of the United States. Your Honor, in this case, it is the government's position that the defendant's 121-month sentence, which was within the applicable sentencing guidelines range, was a reasonable sentence. The government acknowledges that the brevity of the record by the district court. Admittedly, the district court did not state any reasons until after the sentence was imposed. However, as this court knows, under the Rita decision, there was not a lengthy explanation when, in fact, it's within the sentencing guideline range. And there's no dispute in this case that the district court sentenced within the applicable sentencing guideline range. Therefore, the requirements. What do you make of the Rule 32 violation? Because the government wasn't able to state its recommendation before the judge announced his sentence. That's true, Your Honor. No, my experience has been that different district court judges approach the government's position differently at the time of the sentencing hearing. Prior to the sentencing hearing, the government filed a sentencing memorandum, which it stated unequivocally that the government was recommending that the court sentence consistent with the terms of the plea agreement at 108 months. When this district judge conducts a sentencing hearing, he typically engages them colloquially between the defendant and his lawyer. And at that point in time, oftentimes proceeds to sentence. In this case, we interjected, admittedly, after the sentence was imposed, but we interjected for a couple of reasons. First of all, to remind the court of the 108-month term of imprisonment recommended in the plea agreement, but also to seek the judge's clarification about the guidelines and whether this was, in fact, a sentence within the applicable sentencing guideline range. And the district court made clear that it was, and also made clear, and I think this is important, that the district court was sentencing and accepted one of the defendant's arguments. The defendant, at the time he filed the sentencing memorandum, essentially said to the district court, sentence the defendant to 108 months, reduce his criminal history category to one, and then there was some reference to the restitution question. The district court clearly sentenced to criminal history category one because he said, in the colloquy with the government counsel, that he was adopting the middle of the range, if you will, 121 months, approximate mid-range, midpoint range of 108 to 135. Demonstrating, as I said, two things. A guideline sentence and that he had read and considered the defendant's sentencing memorandum and agreed with him, frankly, on the fact that the criminal history was overrepresented. I think what's important here is that much is made about the district court's decision to not follow a nonbinding plea agreement's recommendation about the term of imprisonment. No, I don't think that's the question. The question is whether the district judge had it before him. Because that's the problem with 32. The only prejudice that can be ascribed by the defendant is that you didn't get your oar in the water to talk about it. But my question to you is, prior to the hearing, did the government, as I understand it, the government usually submits something in writing. Was that done in this case? Yes, it was. There was a ‑‑ And was there a recommendation in it? There was a written recommendation advocating that the district court sentence be consistent with the terms of the plea agreement, specifically 108 months. What happened in this case was a little ‑‑ Then let me ask this question. Have there been any cases that have determined that the Rule 32 opportunity to speak must be oral or whether it can be in writing? I certainly haven't found one. As I've said, in my experience, my practice has been that different district court judges engage Assistant United States Attorneys in varying degrees at the time of sentencing. In some courts, you're actively involved through the entire process. In other courts, much like this district court, your role is more limited. And so the importance of filing the sentencing memorandum, which was done approximately five days before the hearing, that had with it not only the recommendation but also attached as an exhibit the very plea agreement about which we're talking today. But didn't the plea agreement, didn't you agree to speak at the time of sentencing and make a recommendation at the time of sentencing? I believe that one of the conditions in the plea agreement was that the government would recommend that sentence at the time of sentence, at the time of sentencing. But, again, the important point is that at no time, either before, either during the guilty plea, before the sentencing hearing or at the sentencing hearing, did the government take any position at variance with what it said it would do. In other words, recommend to the court in the plea agreement of 108 months, in the sentencing memorandum, 108 months, and then admittedly after the fact, if you will. But during the sentencing hearing, reminding the district court judge that the fact that the sentence in this case should be 108 months consistent with the plea agreement. But even though the district court precluded you from speaking at the time of sentencing, in fact, you didn't comply with that particular provision in the plea agreement. In the sense that that's true. I mean, we did not speak prior to the imposition of sentence, which was contemplated by the plea agreement. However, one of the important purposes in filing a sentencing memorandum in which you state that position is because, as I said before, different judges handle this a different way. Well, counsel, I have a question, though. So judges may handle it differently, but Rule 32, Subpart 4 states opportunity to speak. I mean, the rule itself talks in terms of an opportunity to talk at the hearing. So if the judge has it wrong, shouldn't we just ask him to do the sentencing over and follow the rules? Well, I mean, that's obviously one possibility, is that the court can remand and instruct the judge to allow the government to speak. I don't know that the end result will be any different in this case. I mean, we're talking about a case in which the judge did not depart outside the guidelines, either above or below. The judge imposed a sentence that was within the guidelines. He had before him the sentencing memorandum of the defense and the government in which they presented a united front. The defense asked for the 108-month sentence. The court does not give it to him, but the government then, admittedly, after the sentence is imposed, makes the same statement that, in fact, the government's position had been 108 months. I read the reminder, but how do we know what the judge would have done for sure if he had followed the procedure and heard the government make its recommendation at that time? I guess what I find difficult is to think that it would be different, I think, if we hadn't filed a sentencing memorandum. In other words, at the last that the district court had heard from the government was at the time of the change of plea back in June. And then three months go by. There's a pre-sentence report that reflects the, by the way, reflects the plea agreement of the parties and the 108-month term of imprisonment. And then the government files nothing and then comes into the sentencing hearing and is, in effect, silent until the conclusion of the, until after the sentence is imposed and then says, oh, by the way, Your Honor, we remember three months ago this plea agreement, 108 months. That wasn't, that didn't happen in this case. I believe it was five days before the sentencing hearing, September the 6th, prior to the probation report, for whatever reason, was disclosed late. Prior to even receiving the probation report in this case, we file a sentencing memorandum with the district court, attaches an exhibit to the plea agreement saying, sentence him consistent with the plea agreement to the 108-month term of imprisonment. All right. Well, if we wrote, if we wrote an opinion that said under Rule 32-4, subpart A1, or A3, I guess it is, that the opportunity to speak that's required can be satisfied by a prior pre-hearing written memorandum, would that be the first such opinion in the country? As I stand here now, it, I'm not sure it might well be. But again, I think. But that's the issue that we have, isn't it? If we don't sweep it under the rug, that's the issue is whether a memorandum satisfies the opportunity to speak. I mean, that is, that is an issue. And I think under the facts of this case, that a memorandum does satisfy that, does satisfy that requirement. The one other thing, and I've only got 20 seconds that I wanted to point out, is that I, is that if the court, in fact, remands on the question of the term of imprisonment, I would ask that the court remand only on that issue, not on the question of restitution, which I think the court, the district court did not, clearly made a record, and clearly it was correct in the, on the question of restitution as to the two victims. I'd also agree with, I think, what Judge Acuda said, that it would, that if the court were to remand, it would move to the second issue about the breach of the plea agreement, which, again, for the reasons I've stated, I don't think occurred. Roberts. I'd like to ask you one question before I step down, which bothers me, under the gall analysis of the 3553A consideration. I asked counsel whether or not there's any real prejudice because the, because the report from the Probation Department only gives negative things and not positive things.  And he responded to that. I'd like to have your response, because clearly, although we didn't have gall at the time, if we apply gall now, it seems to me it would be very hard to not reverse because of the failure to give the 3553A consideration unless we can say that there's absolutely no prejudice. And I'm not convinced there isn't. I guess the point I wanted to make is that the prejudice here seems to be that the there was a, there was an expectation or a contemplation by the parties that there would be a 108-month sentence. And so the prejudice is the fact that the defendant received his sentence in excess of that, notwithstanding the fact that the, it was a non-binding plea agreement. The district court made very clear that it was not going to, it was not a party to the agreement. The district court sentenced within the guideline range to the 121 months, not outside the guideline range. Then it's a, then I agree it's a different story. I understand that. But the real issue is, is this gall agreement telling us that they, district judges have to go through the hoops? There's no prejudice issue that this is a prophylactic rule so that we know the district judges have actually considered 3553. I don't know. That's the issue. I don't know that gall speaks to that. Because we also, when you look at RETA and you talk about how RETA requires less when the sentence is within the guideline range, I certainly think gall, when you, if you had a sentence that went outside the guideline range, clearly you would have to go into a pretty substantial analysis of the 3553 factors. But here we have a sentence that was within the guideline range. Do you think that trumps it? Well, I think, I think, I think whether it's within the guideline range is a significant factor. I think it's a very significant factor. I think that, I mean, I think that the rule, I think it's much more important when you're talking about a sentence that's outside the guideline range than it is when it falls within the guideline range. That would be true if you bring in reasonableness. But it looks like to me that gall sets up procedures and then reasonableness. And if that's so, then you can't move to reasonableness to solve the procedural problem. I mean, if gall says that there is a, that there is a prophylactic rule that a district court must on the records evaluate each and every factor, then obviously that record is a measure. I mean, I can't, I can't even suggest that. I'm not sure that's what, that's what gall says. All right. Thank you very much. Obviously, you can't have the benefit, and I think Judge Gould pointed this out, you can't have the benefit of Rule 32 if the government never even addresses it. I mean, what could have happened if Mr. McLaughlin or Mr. Schlesinger, who used to be with the office, made a passionate argument on behalf of Mr. Walkman to get to 108 participation before the sentencing, he was prejudiced. That alone was prejudiced. And then the, to endorse or sort of sanction this cursory review of the 35538 factors where there was, they weren't even applied in this case is equally disturbing. And that's why we've requested this case go to a different judge so my client's not prejudiced because I believe that the district court is going to be angry if this case is remanded to this court. It should go to a different court entirely. So he just gets a fair sentencing hearing, which I expect Mr. McLaughlin to argue vigorously that it's 108 months. That's the benefit of the plea agreement. This wasn't a plea agreement in the middle of a trial where the government was going to file a one-page sentencing memorandum just saying, oh, yeah, we think it's 108 months. No, we expected the government to get on the pulpit and argue vigorously for the 108 months because that, the case was settled in the middle of trial. And it's unfair for an appellate court now to try and figure out whether or not Mr. Walken and I got the benefit of the bargain when there's these glaring violations of just the general rules. I mean, we don't know what would have happened. That's why this is the case that really should go to a different court. And then on the restitution issue that Mr. McLaughlin raises, there wasn't even any evidence that the attorney's fees were paid. I mean, there was not even a canceled check. It was all, it was all, you know, speculation. Even the government, I've never had a case where the government argues against the restitution, against the sentencing, we still lose. I mean, there was no evidence at this hearing. It was really sort of a mockery of an evidentiary hearing. The court literally came up with its own figures. They're not even supported by the record. There was no evidence of even a cash check of attorney's fees. I mean, Mr. Walken really was prejudiced by how this was handled. I mean, the fairest thing for Mr. Walken and I would be to just go to a different court and have a hearing that complies with Rule 32, the 3553A factors, and restitution where the government and the defense both agree that the alleged victim would have to at least present proof they paid the attorney's fees. I mean, it was really sort of shocking in this type of case. What is the standard for when we can send it to another district court as opposed to just telling the district court, here are the rules, and try it again and follow them? Well, I mean, we asked the court to take judicial notice of numerous cases that it's asked this court to comply with orders. And in this particular case, we cited in our brief the standard. I think we've met the standard because this is a case where I think the defendant will be prejudiced. There's just so many examples in this record of the district court not providing a legitimate hearing on the defendant's factual issues. I think our question was, what is the standard? The standard is, I mean, you know, it's one of those standards that is not well-defined in the law because it's a standard that seems to be fact-specific. But it's laid out very specifically as three different prongs, whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind the previously expressed views or findings determined to be erroneous. Second, whether the reassignment is advisable to preserve the appearance of justice. And third, whether reassignment would entail waste and duplication out of proportion to any gain preserving the appearance of fairness. So it wasn't clear to me how your request to have an assignment to a different judge would meet that standard, which we hold as a very high standard. I know I was trying to take what I can get. With respect to the – I just think this is a case where if there's all these violations, the court is going to have a lot of animus toward the defendant. It's difficult sometimes to put in the briefs exactly what it's like to practice in this court. But in this particular case, that's why I cited all these other opinions where this court is reversed, this district court specifically, and it's a very difficult court to practice in. And I think that just to have the appearance of impartiality, there will be a very serious prejudice to the defendant if we have to go back to this court. And the record in this particular case shows flagrant violations of every single rule. I mean, it's just – it would be better for everybody involved if we just had a fresh sentencing hearing without having to go back to this court, because I think that the defendant specifically, the court will take it out against this defendant because it will be mad that all these other things were pointed out. Because in order to get the sentencing vacated, we had to point out the noncompliance with the various rules, the noncompliance with 3553A, and sort of the whole vernacular of this type of brief has the unknowing or the – it sort of has the feel or the flavor of criticizing the district court because we're challenging noncompliance with procedure. And I just think the defendant would be better served if we just would, you know, remand this case to a different judge. Any other questions? Thank you. Thank you. This case is submitted.
judges: Wallace, Gould, Ikuta